**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| LYNETTE HERRERA SKIAZWE<br>aka LYNETTE OCHOA<br><br>Plaintiff,<br><br>v.<br><br>DFN ASSOCIATES, LLC<br>Defendants | Civil Action No: 7:20-cv-146<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

NOW COMES, LYNETTE OCHOA ("Plaintiff"), by and through her attorneys, THE

SHAWN JAFFER LAW FIRM, PLLC, for her Complaint against Defendant DFN ASSOCIATES,

LLC ("DFN" or "Defendant DFN"), for violations 15 U.S.C. § 1692 et seq., of the Fair Debt

Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

1.      Plaintiff brings this action under §1692 et seq. of Title 15 of the United States Code,

commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") for actual and

statutory damages, costs, and reasonable attorney's fees against the Defendants.

2.      This Court has jurisdiction over this action and all counts under 28 U.S.C. §§ 1331,

1337 and 15 U.S.C. § 1692k.

3.      Venue in this District is proper under 28 U.S.C. §§ 1391(b)(2) because a substantial

part of the events or omissions giving rise to this claim occurred here.

## PARTIES

4.      Plaintiff is a natural person residing at 1301 Latta St, Apt 822, Midland, TX 79701.

5.      Plaintiff is allegedly obligated to pay a "Consumer Debt" for an automobile loan owed to Peak Acceptance ("Peak"), which has been transferred to Defendant DFN for collection purposes.

6.      Plaintiff is a "Consumer" meaning Plaintiff is a natural person who is obligated or allegedly obligated to pay any debt.

7.      The Consumer Debt is an obligation or alleged obligation of the Plaintiff to pay money arising out of a transaction in which the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

**DFN ASSOCIATES, LLC**

8.      Defendant DFN ASSOCIATES, LLC is a New York based debt collector that regularly collects or attempts to collect debts due to third-parties, directly or indirectly from consumers in the State of Texas and can be served with process at its business address of 352 Sonwil Dr, Cheektowawa, NY14225.

9.      Defendant DFN is a person who engages in interstate commerce by using the telephone and mails in a business which the principal purpose is the collection of debts.

10.     Defendant DFN is a debt collector as defined under 15 USC §1692(b)(6).

**FACTUAL ALLEGATIONS**

11.     On or about May 2020, Plaintiff was engaged in the purchase of a house in Midland, TX. After putting down earnest money and paying for an inspection, Plaintiff was advised that she was denied her loan because the lender had located a lawsuit recently filed against her by Defendant DFN. (Exhibit A)

12.     As evidenced by Plaintiff's TransUnion credit report (Exhibit B), the debt DFN sued Plaintiff on was past the statute of limitations to collect upon as the debt had become due

February of 2016 and the Defendant's suit was filed March 16, 2020, more than four years past the time the debt was in default.

13.     DFN's suit was a false representation of the legal status of the Consumer Debt.

14.     DFN's suit was unfair or unconscionable attempt to collect the Consumer Debt.

15.     DFN's attempt to collect from Plaintiff was not authorized by any agreement or permitted by law.

16.     Plaintiff has suffered mental anguish, frustration, embarrassment, and an informational injury from DFN's actions.

17.     Plaintiff lost the opportunity to purchase a house due to Defendant's actions.

18.     For these reasons, the Defendant DFN has violated the FDCPA.

### FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e & 1692f *et seq.* AS TO DEFENDANT DFN

19.     Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

20.     DFN's debt collection efforts against Plaintiff violated various provisions of the FDCPA.

21.     Section §1692e provides a non-exhaustive list of false, deceptive, and misleading conduct prohibited by the statute including:

(a)     The false representation of the character, amount, or legal status of any debt; and

(b)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

15 U.S.C. §1692e(2) & (10).

22.     Section §1692f provides a non-exhaustive list of unfair or unconscionable means to collect or attempt to collect any debt, including: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is authorized by the agreement creating the debt or permitted by law.

23.     DFN violated the FDCPA when DFN sued Plaintiff on a debt whose collection was not permissible by law.

24.     For these reasons, the DFN is liable to the Plaintiff for actual and statutory damages, costs, and reasonable attorney's fees.

## DEMAND FOR TRIAL BY JURY

25.     Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, demands judgment from Defendants as follows:

1. Awarding Plaintiff and statutory damages up to $1,000;

2. Awarding Plaintiff actual damages to be determined by the jury;

3. Awarding Plaintiff costs of this action, including reasonable attorneys' fees and expenses; and

4. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

DATED: June 10, 2020                          Respectfully Submitted,

**SHAWN JAFFER LAW FIRM PLLC**

/s/ *Shawn Jaffer__*
Shawn Jaffer
Texas Bar No. 24107817
13601 Preston Rd E770
Dallas, Texas 75240
Phone: (214) 210-0730
Email:  shawn@jaffer.law

/s/ *Ray N Hosack*
Ray N Hosack
Texas Bar No. 24046108
13601 Preston Rd E770
Dallas, TX 75240
Phone: (214)440-1965
Email: ray@jaffer.law
*Attorneys for Plaintiff*